1 | MARGARET HART EDWARDS, Bar No. 65699
E-mail: mhedwards@littler.com
2 | LITTLER MENDELSON
A Professional Corporation
3 | 650 California Street
20th Floor
4 | San Francisco, CA 94108.2693
Telephone: 415.433.1940
5 | Facsimile: 415.399.8490

6 | JANEL R. ABLON, Bar No. 198678
E-mail: jablon@littler.com
7 | LITTLER MENDELSON
A Professional Corporation
8 | 2049 Century Park East
5th Floor
9 | Los Angeles, CA 90067.3107
Telephone: 310.553.0308
10 | Fax No.: 310.553.5583

11 | JAMES E. HART, Bar No. 194168
E-mail: jhart@littler.com
12 | HEATHER M. PECK, Bar No. 254694
E-mail: hpeck@littler.com
13 | LITTLER MENDELSON
2050 Main Street
14 | Suite 900
Irvine, CA 92614
15 | Telephone: 949.705.3000
Facsimile: 949.724.1201

16 |

17 | Attorneys for Defendant
BENIHANA NATIONAL CORP.

18 | UNITED STATES DISTRICT COURT

19 | CENTRAL DISTRICT OF CALIFORNIA

20 | AURELIO MACEDO, individually and on behalf of other person similarly situated,

Case No. **SACV 11-01004 CJC (ANx)**

21 | 

22 | Plaintiff,

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT FROM STATE COURT BY DEFENDANT BENIHANA NATIONAL CORP. PURSUANT TO 28 U.S.C. SECTIONS 1332(d), 1441 AND 1446**

23 | v.

24 | BENIHANA, INC., a Delaware corporation; and DOES 1 through 10,

**JURY TRIAL DEMANDED**

25 | 

26 | Defendant.

27 |

28 |

COPY
FILED
2011 JUL -7 PM 2: 28
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY ___

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO**

**PLAINTIFF AURELIO MACEDO AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Benihana National Corp., erroneously sued herein by Plaintiff as "Benihana, Inc." ("Defendant") hereby removes the state action entitled *Macedo v. Benihana, Inc., et al*, Case No. 30-2011-0047381-CU-OE-CXC, filed in the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California. Removal is based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§1332(d), 1441(b), and 1446 on the following grounds:

**I.   STATEMENT OF JURISDICTION[LOCAL RULE 8-1]**

1.   This Court has original jurisdiction over this action pursuant to the CAFA.  *See* 28 U.S.C. § 1332(d).  In relevant part, CAFA grants district courts original jurisdiction of class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. As set forth below, this case meets all of the CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**II.   VENUE**

2.   This action was filed in the Superior Court of California, County of Orange.  Thus, venue properly lies in the United States District Court for the Central District of California. *See* 28 U.S.C. §§ 84(c), 1391 and 1446.

**III.   PLEADINGS, PROCESS, AND ORDERS**

3.   On May 27, 2011, Plaintiff Aurelio Macedo ("Plaintiff"), on behalf of himself and all others similarly situated, filed his unverified complaint in the Superior Court of California, County of Orange, entitled *Aurelio Macedo individually and on behalf of other persons similarly situated vs. Benihana Inc., and Does 1 through 10,* Case Number 30-2011-00479381-CU-OE-CXC (the "Complaint").  The Complaint asserts the following three causes of action: (1) Failure to Provide Meal

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

2.

1   Periods; (2) Unfair Competition; and (3) Failure to Pay All Wages Owed Upon
2   Termination. A copy of the Complaint is attached hereto as **Exhibit A.**

3           4.       Benihana, Inc. is a holding company, is not registered to do
4   business in California and has no authorized agent for service of process in California.
5   Declaration of Laurie Casey ("Casey Decl."), ¶ 4. Benihana, Inc. has not been served
6   in this action. *Id.* at ¶¶ 3-4. However, on June 7, 2011, Plaintiff served a copy of the
7   Notice of Case Management Conference and Payment of Complex Fee on the agent
8   for service of process for Benihana National Corp. *Id.* at ¶¶ 3, 5. True and correct
9   copies of the Notice of Case Management Conference and Payment of Complex Fee
10  and Proof of Service are attached hereto, collectively, as **Exhibit B.**

11          5.       Defendant filed its Answer to Plaintiff's Complaint in California
12  Superior Court, County of Orange on July 5, 2011. A true and correct copy of the
13  Answer is attached hereto as **Exhibit C.**

14          6.       Pursuant to 28 U.S.C. section 1446(d), the attached Exhibits
15  constitute all process, pleadings and orders served upon Defendant or filed or received
16  in this action by Defendant.

17  **IV.   TIMELINESS OF REMOVAL**

18          7.       This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), the
19  notice of removal of a civil action must be filed within thirty (30) days of service of
20  the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
21  526 U.S. 344, 356 (1999) (the 30-day removal period runs from the service of the
22  summons and complaint).

23          8.       On June 7, 2011, Defendant believes Plaintiff attempted to serve
24  Defendant Benihana, Inc. by serving Benihana National Corp.'s agent for service of
25  process with the Notice of Case Management Conference and Payment of Complex
26  Fee. Casey Decl., ¶ 3, 5. *See* Exhibit B, Proof of Service. Assuming such attempted
27  service on Benihana National Corp. was effective, which Defendant does not concede,
28  this matter is nevertheless being removed within 30 days of service of these

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

3.

1   documents.  Defendant has no record that Plaintiff's Complaint itself was served, but

2   it is nonetheless proceeding with this Notice of Removal based on the timing of the

3   service of the Notice of Case Management Conference and Payment of Complex Fee.

4   **V.    JURISDICTION PURSUANT TO THE CAFA**

5           9.    The CAFA grants federal district courts original jurisdiction over

6   civil class action lawsuits filed under federal or state law in which there are at least

7   100 members of the class, any member of a class of plaintiffs is a citizen of a state

8   different from any defendant, and the matter in controversy exceeds $5,000,000,

9   exclusive of interest and costs.  28 U.S.C. § 1332(d).  While there are exceptions to

10  the rule of original jurisdiction contained in 28 U.S.C. § 1332(d)(3)-(5), none apply

11  here.  The CAFA authorizes removal of qualifying actions in accordance with 28

12  U.S.C. § 1446.  This case meets each of the CAFA requirements for removal because,

13  as is set forth more particularly below:  (1) the proposed class contains at least 100

14  members; (2) Defendant is not a state, state official, or other governmental entity;

15  (3) there is diversity between at least one class member and Defendant, and (4) the

16  total amount in controversy exceeds $5,000,000.

17          **A.    The Proposed Class Contains At Least 100 Members.**

18          10.    Plaintiff asserts that he represents not less than 75 persons in the

19  "Meal Period Class;" not less than 75 persons in the "Restitution Class;" and not less

20  than 75 persons in the "Terminated Employees Subclass."  *See* Complaint ¶¶ 9, 10.

21  Specifically, Plaintiff identifies the following putative classes:

22          **Meal Period Class:**  All persons employed by Defendant as a non-

23  exempt restaurant employee who, at any time since the date three years prior to the

24  filing of the complaint in this action, worked more than five hours during a workday

25  on which they did not work a split shift.

26          **Restitution Class:**  All persons employed by Defendant as a non-exempt

27  restaurant employee who, at any time since the date three years prior to the filing of

28  the complaint in this action, worked more than five hours during a workday on which

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

4.

1  they did not work a split shift.

2  **Terminated Employees Subclass:** All members of the Meal Period

3  Class whose employment with Defendant ended at any time since the date three years

4  preceding the filing of the complaint in this action. Complaint, ¶ 9.

5      11.   As defined by Plaintiff's Complaint, some of the putative class

6  members are employed by Defendant Benihana National Corp.   The remaining

7  putative class members are employed by separate subsidiary corporations which, in

8  turn, are 100% owned by Benihana National Corp., namely:   Benihana Carlsbad

9  Corp., Benihana Encino Corp., Benihana International Corp., Benihana Marina Corp.,

10  Benihana of Puente Hills Corp., Benihana Ontario Corp. and Benihana Sunrise Corp.

11  Each of these corporations is a Delaware Corporation and each has its principal place

12  of business in Miami, Florida. Declaration of Martha Rozo ("Rozo Decl."), ¶ 5.

13      12.   On July 5, 2011, defense counsel notified Plaintiff's counsel that

14  Benihana National Corp. owns these subsidiary corporations which employ some of

15  the putative class members in California. Declaration of Janel R Ablon, ¶ 2-3. As of

16  the date of this Notice, Plaintiff has not yet attempted to amend his Complaint.

17  Nonetheless, where the exact number of putative class members is not clearly stated in

18  the Complaint, courts may make reasonable inferences based on the definition of the

19  class as stated in the Complaint. *See Strawn v. AT&T Mobility LLC,* 530 F.3d 293,

20  294 (4th Cir. 2008) (court gave broadest application to definition of class where exact

21  number of putative class members not set forth in complaint.)

22      13.   Based on the criteria set forth in Plaintiff's Complaint, the

23  Terminated Employees Subclass alone contains well over 100 members. In fact, the

24  number of non-exempt restaurant employees that voluntarily or involuntarily

25  terminated their employment with Defendant since May 27, 2008 is 1,393.

26  Declaration of Edo Licina ("Licina Decl."), ¶ 6.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

5.

**B.     Benihana National Corp. Is Not a State, State Official Or Governmental Entity.**

14.     Neither Benihana National Corp. nor its subsidiaries are a state, state official, or governmental entity.  Rozo Decl., ¶ 6.

**C.     Plaintiffs' Citizenship is Diverse From The Defendant's Citizenship.**

15.     CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §§ 1332(d)(2)(A); 1453(b); *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005).

16.     Here, the diversity requirement is met because Plaintiff and Defendant are citizens of different states, as described more fully below.

17.     Plaintiff is a resident of the State of California.  Complaint, ¶ 3. *See also* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983) (for diversity purposes, person is citizen of a state if a citizen of the United States and domiciled in that state).

18.     Defendant is a Delaware corporation whose principal place of business is in Miami, Florida.  Complaint, ¶ 6, Rozo Decl., ¶ 3.  For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The Supreme Court's recent decision in *Hertz v. Friend*, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (U.S. 2010), clarified that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which should "normally be the place where the corporation maintains its headquarters."  Defendant's corporate headquarters, where the company's corporate officers work, and where they direct, control and coordinate the company's activities, are located in Miami, Florida.  Rozo Decl., ¶ 4. Thus, Defendant is not a citizen of California but a citizen of Delaware and Florida.

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

6.

*See Breitman v. May Co. Cal.,* 37 F.3d 562, 564 (9th Cir. 1994) (corporation was citizen of state in which its corporate headquarters was located and where its executive and administrative functions were performed).

19.    Benihana Carlsbad Corp., Benihana Encino Corp., Benihana International Corp., Benihana Marina Corp., Benihana of Puente Hills Corp., Benihana Ontario Corp. and Benihana Sunrise Corp. are subsidiaries of Benihana National Corp. and are Delaware corporations with their principal places of business in Miami, Florida.  Rozo Decl., ¶ 5.

20.    DOES 1 through 10 are fictitious defendants, are not parties to this action, and have not been named or served.  Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) ("district court was correct in only considering the domicile of the named defendants").  The Doe defendants, therefore, need not consent to this removal.

**D.    The Amount In Controversy Exceeds $5,000,000.**

21.    To determine the amount in controversy under 28 U.S.C. § 1332(d) "a court must assume that the allegations of the complaint are true and that a jury [will] return [] a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what Defendant will actually owe if Plaintiff prevails. *Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe.  It's a question as to what is in controversy.").

22.    In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer*

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705.3000

7.

1    *v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).   If the
2    complaint is silent on the amount of damages claimed, "the court may consider facts
3    in the removal petition and may 'require the parties to submit summary-judgment-type
4    evidence relevant to the amount in controversy at the time of removal.'"   *Id.*   In such a
5    situation, "the removing defendant bears the burden of establishing, by a
6    preponderance of the evidence" the amount in controversy.   *Sanchez v. Monumental*
7    *Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).   Thus, when the allegations in a
8    complaint do not establish the amount in controversy, a removing defendant can do so
9    by "provid[ing] evidence establishing that it is 'more likely than not' that the amount
10   in controversy exceeds" the jurisdictional minimum.   *Id.   See also Valdez v. Allstate*
11   *Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("preponderance of the evidence" must
12   be demonstrated when amount in controversy "not facially evident").

13              23.   Plaintiff's Complaint is silent as to the total amount in controversy.
14   Nevertheless, as demonstrated herein, the allegations in Plaintiff's Complaint,
15   including wages, penalties, and attorneys' fees, demonstrate that the amount in
16   controversy exceeds the CAFA jurisdictional minimum of $5,000,000.

17              24.   Even though the jurisdictional minimum is met for purposes of
18   removal, Defendant denies the validity and merit of the entirety of Plaintiff's alleged
19   claims, the legal theories upon which they are based, and the alleged claims for
20   monetary and other relief sought by Plaintiff.   By demonstrating that the amount in
21   controversy exceeds the CAFA threshold, Defendant in no way concedes the validity
22   of Plaintiff's claims, Plaintiff's ability to represent any purported class, the legal bases
23   for the damages calculations, or the likelihood that Plaintiff will recover anything.
24   That said, as described more fully below, Plaintiff's claims, *as alleged*, create an
25   amount in controversy well over the jurisdictional minimum.

26              25.   First, in his Complaint, Plaintiff asserts a claim for relief pursuant
27   to California Labor Code sections 218, 218.5, 218.6, and California Civil Code
28   section 3287(a) for Defendant's purported failure to provide meal periods.

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

8.

26.     **Failure to Provide Meal Periods:** Plaintiff claims that Defendant failed to provide meal periods to non-exempt restaurant employees in violation of Labor Code sections 226.7, 512 and Wage Order No. 5-2001. Complaint ¶¶ 9, 12-17. Plaintiff specifically alleges that he and other members of the Meal Period Class were entitled to a "duty free meal period of at least 30 minutes on each workday they worked more than five hours, and payment of one hour of additional wages for every day a meal period was not provided." Complaint, ¶ 13.

27.     Plaintiff further alleges that Defendant failed to provide him and other members of the Meal Period Class meal periods and that Defendant had a policy or practice of not scheduling or otherwise providing a meal period to non-exempt restaurant employees who worked more than five hours during a workday on which they did not work a split shift. Complaint, ¶ 14.

28.     In addition, Plaintiff alleges that Defendant failed to provide Plaintiff and other members of the Meal Period Class "the additional hour of pay required by Labor Code section 226.7 and Wage Order 5-2001 for unprovided meal periods" and that Defendant had a policy or practice of "not paying additional wages to non-exempt restaurant employees for unprovided meal periods." Complaint, ¶ 15.

29.     In his Second Cause of Action, Plaintiff alleges Defendant engaged in unfair competition in violation of California Business and Profession Code section 17200 because it failed to pay putative class members additional wages for purportedly unprovided meal periods. Complaint, ¶ 20. The statute of limitations for actions brought under Business and Professions Code section 17200 is four years, and therefore, the statute of limitations applicable to Plaintiff's failure to provide meal periods is four years. *See* Cal. Bus. & Prof. Code § 17208, *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 178-179 (2000) ("*Any* action on *any* UCL cause of action is subject to the four-year period limitations created by that section."), emphasis in original.

30.     Plaintiff's Complaint was filed on May 27, 2011. From May 27,

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

9.

2007, to the date of this filing, Defendant's records show there were approximately 386,543 shifts where a non-exempt restaurant employee worked over five hours and did not punch out for a split shift in his or her workday. Licina Decl. ¶¶ 4-5. The average rate of pay for non-exempt restaurant employees from 2007 to present is $8.57 per hour. Licina Decl. ¶ 3. Therefore, assuming Plaintiff is able to prove, as he alleges in his Complaint, that Defendant did not provide meal periods to non-exempt restaurant employees who worked over five hours without a split shift in the limitations period applicable to this cause of action, at least $3,312,673.50 is in controversy as to Plaintiff's First Cause of Action.

31. Second, in his Complaint, Plaintiff also claims that members of the Terminated Employees Subclass are owed waiting time penalties because of Defendant's purported failure to pay members all wages owed upon termination.

32. **Waiting Time Penalties:** Plaintiff alleges that, pursuant to California Labor Code sections 201 or 202 and 203, Plaintiff and all members of the Terminated Employees Subclass were entitled to payment of all wages earned and unpaid upon termination. Complaint, ¶ 25.

33. Plaintiff further alleges that Defendant failed to pay Plaintiff and other members of the Terminated Employees Subclass all wages earned within the statutory time limit and that such failure to pay was willful. Complaint, ¶¶ 26, 27.

34. During the three years prior to Plaintiff's filing of the Complaint, there were 1,393 non-exempt restaurant employees that voluntarily or involuntarily terminated their employment with Defendant. Licina Decl. ¶ 6. The average rate of pay for non-exempt restaurant employees from 2008 to present is $8.61 per hour. Licina Decl. ¶ 3. At eight (8) hours per day for 30 days, the waiting time penalty in controversy totals $2,878,495.20.

35. **Attorneys' Fees:** Plaintiff's Complaint sets forth claims for attorneys' fees pursuant to California Labor Code section 218.5 and California Code of Civil Procedure section 1021.5. Complaint, ¶¶ 17, 22, 32; Prayer for Relief.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

10.

Statutory attorneys' fees must also be considered in determining whether the jurisdictional limit is met. *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (attorneys' fees recoverable by statute are properly included in the amount in controversy). In California, it is not uncommon for an attorneys' fee award to be twenty-five to thirty percent of the award. Here, twenty-five percent (25%) of the amount in controversy is $1,547,792.20.

36.     Although Defendant denies any and all liability to Plaintiff or to the putative class members he purports to represent, the following is a summary of the amount in controversy related to those claims and causes of action for which calculations are provided herein, including the estimated amounts placed in controversy by these claims and causes of action at the date the Complaint was filed. The amount in controversy presumably will be greater at the time of trial:

| Claim | Current Amount in Controversy |
|-------|-------------------------------|
| Unpaid Meal Breaks | $3,312,673.50 |
| Waiting Time Penalties | $2,878,495.20 |
| **Subtotal** | $6,191,168.70 |
| Attorneys' Fees | $1,547,792.20 |
| **Total** | $7,738,960.90 |

37.     In sum, if Plaintiff is successful on the claims in his Complaint, he could be awarded more than $7,738,960.90, substantially more than the $5,000,000 jurisdictional amount required by the CAFA. The minimum jurisdictional amount requirement of the CAFA is therefore met.

## VI.   NOTICE TO PLAINTIFF AND STATE COURT

38.     Contemporaneously with the filing of this Notice of Removal in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine CA 92614
949.705.3000

1  the United States District Court for the Central District of California, written notice of

2  such filing will be served on Plaintiff's counsel of record Gregory N. Karasik, Spiro

3  Moss LLP, 11377 W. Olympic Boulevard, 5th Floor, Los Angeles, California, 90064-

4  1683 and Sahag Majarian II, Law Office of Sahag Majarian II, 18250 Ventura

5  Boulevard, Tarzana, California, 91356.  In addition, a copy of this Notice of Removal

6  will be filed with the Clerk of the Court for the California Superior Court, County of

7  Orange.

8         WHEREFORE, having met the standards for removal and providing

9  notice as is required by law, the above-entitled action should be removed from the

10  California Superior Court, County of Orange, to this Court.

11  Dated:   July 7, 2011

12

13

14                                                JAMES E. HART
                                                  HEATHER M. PECK
15                                                LITTLER MENDELSON
                                                  A Professional Corporation
16                                                Attorneys for Defendant
                                                  BENIHANA NATIONAL CORP.

17

18  Firmwide:102656310.3 062447.1006

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine CA 92614
949 705 3000

12.

EXHIBIT A

1 | Gregory N. Karasik (SBN 115834)
greg@spiromoss.com
2 | **SPIRO MOSS LLP**
11377 W. Olympic Boulevard, 5th Floor
3 | Los Angeles, California 90064-1683
Tel: (310) 235-2468
4 | Fax: (310) 235-2456

5 | Sahag Majarian II (SBN 146621)
sahagii@aol.com
6 | **Law Office of Sahag Majarian II**
18250 Ventura Boulevard
7 | Tarzana, California 91356
Tel.: (818) 609-0807
8 | Fax: (818) 609-0892

9 |
Attorneys for Plaintiff
10 | AURELIO MACEDO

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**05/27/2011** at 02:39:50 PM

Clerk of the Superior Court
By Enrique Veloz,Deputy Clerk

11 |

12 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13 | **COUNTY OF ORANGE**

14 |

15 | AURELIO MACEDO, individually and
on behalf of other persons similarly
16 | situated,

17 |         Plaintiff,

18 |    vs.

19 | BENIHANA, INC., a Delaware
corporation; and DOES 1 through 10,
20 |

21 |         Defendants.

Case No. 30-2011-00479381-CU-OE-CXC

**CLASS ACTION**

**COMPLAINT FOR DAMAGES AND
RESTITUTION**

1.   Failure to Provide Meal Periods
2.   Unfair Competition
3.   Failure to Pay All Wages Owed Upon
     Termination

Judge Ronald L. Bauer

22 |

23 |     Plaintiff Aurelio Macedo ("Plaintiff"), on behalf of himself and all others similarly

24 | situated, complains and alleges as follows:

25 | **INTRODUCTION**

26 |     1.    This case arises out of the failure of defendant Benihana, Inc. ("Benihana") to

27 | provide meal periods, in violation of Labor Code Section 512, to non-exempt restaurant

28 | employees when they do not work a split shift. Benihana's violation of Labor Code Section 512

1  results in its corresponding failure to pay additional wages for unprovided meal periods in
2  violation of Labor Code Section 226.7. These violations of the Labor Code also constitute
3  unfair competition in violation of Business and Professions Code Section 17200. With respect
4  to terminated employees, Benihana's failure to pay additional wages for unprovided meal
5  periods also results in Benihana's failure to pay all wages owed upon termination in violation of
6  Labor Code Section 201 or 202. For himself and other similarly situated current or former
7  employees of Benihana, Plaintiff seeks additional wages for unprovided meal periods, as
8  damages under the Labor Code and/or restitution under Business and Professions Code Section
9  17203, and penalty wages under Labor Code Section 203.

10  **JURISDICTION AND VENUE**

11  2.  Venue is proper in this Judicial district and the County of Orange because
12  Plaintiff worked for Benihana in the County of Orange, Benihana operates various restaurants
13  in the County of Orange, and Benihana's legal obligations to Plaintiff and many other class
14  members in this case arose and were breached in the County of Orange.

15  3.  The California Superior Court has jurisdiction in this matter because Plaintiff is
16  a resident of California and Benihana regularly conducts business in California. Further, there
17  is no federal question at issue as the claims herein are based solely on California law.

18  **THE PARTIES**

19  **A.  The Plaintiff**

20  4.  Plaintiff worked for Benihana as a non-exempt bartender or server at Benihana
21  restaurants in Anaheim and Newport for approximately 19 years until Benihana terminated his
22  employment in December 2010. During his employment with Benihana, Plaintiff usually
23  worked more than five hours during a workday but was not provided a meal period on the ·
24  workdays he did not work a split shift, which occurred on many occasions. At no time during
25  his employment did Benihana pay Plaintiff additional wages for unprovided meal periods such
26  that Benihana failed to pay Plaintiff all the wages owed to him upon termination.

27  5.  The members of the Class who Plaintiff seeks to represent, described more fully in
28  paragraph 9 below, are current or former employees of Benihana, who, like Plaintiff, were not

1  provided a meal period on workdays during which they worked more than five hours but did not
2  work a split shift.

3  **B.   Defendants**

4  6.   Benihana is an Delaware corporation whose principal place of business is in
5  Miami, Florida. Benihana operates a chain of Japanese steakhouse restaurants. At all times
6  relevant to this action, Benihana was the employer of Plaintiff and other members of the Class.

7  7.   Plaintiff is ignorant of the true names, capacities, relationships and extent of
8  participation in the conduct herein alleged, of the Defendants sued herein as Does 1 through 10,
9  but is informed and believes and thereon alleges that said Defendants are legally responsible for
10  the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious
11  names. Plaintiff will amend this complaint to allege the true names and capacities of the Doe
12  Defendants when ascertained.

13  8.   Plaintiff is informed and believes and thereon alleges that each Defendant acted in
14  all respects pertinent to this action as the agent of the other Defendants, carried out a joint
15  scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant
16  are legally attributable to the other Defendants.

17  **CLASS ACTION ALLEGATIONS**

18  9.   Plaintiff brings this action on behalf of himself and all other similarly situated
19  persons as a class action pursuant to Code of Civil Procedure Section 382. The members of the
20  Class belong to the Meal Period Class, Restitution Class and Terminated Employees Subclass,
21  which are defined as follows:

22  **Meal Period Class:** All persons employed by Benihana as a non-exempt
    restaurant employee who, at any time since the date three years prior to the filing
23  of the complaint in this action, worked more than five hours during a workday on
    which they did not work a split shift.
24
    **Restitution Class:** All persons employed by Benihana as a non-exempt
25  restaurant employee who, at any time since the date four years prior to the filing
    of the complaint in this action, worked more than five hours during a workday on
26  which they did not work a split shift.

27  **Terminated Employees Subclass:** All members of the Meal Period Class whose
    employment with Benihana ended at any time since the date three years preceding
28  the filing of the complaint in this action.

1     10.    This action has been brought and may be maintained as a class action pursuant to

2   Code of Civil Procedure Section 382 because there is a well-defined community of interest

3   among many persons who comprise a readily ascertainable class.

4     a.    The Class members are so numerous that the individual joinder of all of

5   them as plaintiffs is impractical.  While the exact number of Class members is unknown

6   to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there

7   are not less than 75 persons in the Meal Period Class, not less than 75 persons in the

8   Restitution Class, and not less than 75 persons in the Terminated Employees Subclass.

9   The identity of all Class members, while unknown to Plaintiff at this time, can easily be

10   determined from Benihana's employment records.

11     b.    Common questions of law and fact exist as to members of the Class and

12   predominate over any questions which affect only individual members of the Class.

13   These common questions include, but are not limited to:

14     (1)    Did Frito-Lay violate Labor Code Section 512 by not providing

15        members of the Meal Period Class with meal periods?

16     (2)    Did Benihana violate Labor Code Section 226.7 or Wage Order 5-

17        2001 by not paying members of the Meal Period Class additional

18        wages for missed meal periods?

19     (3)    Did Benihana's violations of Labor Code Section 512, Labor Code

20        Section 226.7 or Wage Order 5-2001 constitute unfair competition

21        in violation of Business and Professions Code Section 17200?

22     (4)    Did Benihana violate Labor Code Section 201 or 202 by not paying

23        members of the Terminated Employees Subclass all wages owed

24        upon termination?

25     (5)    Is Benihana liable to members of the Meal Period Class for unpaid

26        additional wages as damages?

27     (6)    Is Benihana liable to members of the Restitution Class for unpaid

28        additional wages as restitution?

(7)   Is Benihana liable to members of the Terminated Employee
Subclass for for penalty wages under Labor Code Section 203?

(8)   Are Class members entitled to attorney's fees?

(9)   Are Class members entitled to pre-judgment interest?

c.   Plaintiff's claims are typical of the claims of other Class members.
Plaintiff is a member of the Meal Period Class, Restitution Class and Terminated
Employees Subclass, and Plaintiff and other Class members suffered similar injuries as a
result of common policies and/or practices.

d.   Plaintiff will adequately and fairly protect the interests of the members of
the Class. Plaintiff has no interest adverse to the interests of other Class members.
Plaintiff is represented by legal counsel who have substantial class action experience in
civil litigation and employment law.

e.   A class action is superior to other available means for fair and efficient
adjudication of the claims of the Class and would be beneficial for the parties and the
court. Class action treatment will allow a large number of similarly situated persons to
prosecute their common claims in a single forum, simultaneously, efficiently, and
without the unnecessary duplication of effort and expense that numerous individual
actions would require. The monetary amounts due to Class members are likely to be
relatively small, and the burden and expense of litigation would make it difficult or
impossible for members of the Class to seek and obtain relief through individual
lawsuits. A class action will serve an important public interest by permitting Class
members to effectively pursue recovery of the sums owed to them.

### FIRST CAUSE OF ACTION

#### FAILURE TO PROVIDE MEAL PERIODS

##### (By Plaintiff and the Meal Period Class against Defendants)

11.   Plaintiff incorporates paragraphs 1 through 10 of this complaint as if fully alleged
herein.

12.   At all relevant times during the limitations period applicable to this cause of

1   action, Plaintiff and the other members of the Meal Period Class were employees of Benihana

2   covered by Labor Code Section 512, Labor Code 226.7 and Wage Order 5-2001.

3        13.    Pursuant to Labor Code Section 512, Labor Code Section 226.7 and Wage Order

4   5-2001, Plaintiff and the other members of the Meal Period Class were entitled to a duty free

5   meal period of at least 30 minutes on each workday they worked more than five hours, and

6   payment of one hour of additional wages for every day a meal period was not provided.

7        14.    Benihana failed to provide Plaintiff and other members of the Meal Period Class

8   meal periods in accordance with Labor Code Section 512, Labor Code Section 226.7 and Wage

9   Order 5-2001. Plaintiff is informed and believes and thereon alleges that at all relevant times

10   during the limitations period applicable to this cause of action, Benihana maintained a policy or

11   practice of not scheduling or otherwise providing a meal period to non-exempt restaurant

12   employees who worked more than five hours during a workday on which they did not work a

13   split shift.

14        15.    Benihana failed to provide Plaintiff and other members of the Meal Period Class

15   the additional hour of pay required by Labor Code Section 226.7 and Wage Order 5-2001 for

16   unprovided meal periods. Plaintiff is informed and believes and thereon alleges that at all

17   relevant times during the limitations period applicable to this cause of action, Benihana

18   maintained a policy or practice of not paying additional wages to non-exempt restaurant

19   employees for unprovided meal periods.

20        16.    As a result of Benihana's unlawful conduct, Plaintiff and other members of the

21   Meal Period Class have suffered damages in an amount, subject to proof, to the extent they

22   were not paid additional wages owed for unprovided meal periods. The precise amount of

23   additional wages owed is not presently known to Plaintiff but can be determined from

24   Benihana's records.

25        17.    Pursuant to Labor Code Section 218, Plaintiff and other members of the Meal

26   Period Class are entitled to recover the full amount of their unpaid additional wages for

27   unprovided meal periods. Pursuant to Labor Code Section 218.5, Plaintiff and other members

28   of the Meal Period Class are entitled to recover their reasonable attorney's fees and costs of

1  suit. Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiff and other

2  members of the Meal Period Class are entitled to recover prejudgment interest on the additional

3  wages owed for unprovided meal periods.

### SECOND CAUSE OF ACTION

### UNFAIR COMPETITION

**(By Plaintiff and the Restitution Class against Defendants)**

7      18.     Plaintiff incorporates paragraphs 1 through 17 of this complaint as if fully alleged

8  herein.

9      19.     The unlawful conduct of Benihana alleged herein constitutes unfair competition

10  within the meaning of Business and Professions Code Section 17200.

11      20.     As a result of Benihana's unfair competition as alleged herein, Plaintiff and other

12  members of the Restitution Class have suffered injury in fact and lost money or property.

13  Plaintiff and members of the Restitution Class of their legal rights to meal periods and payment

14  of additional wages for unprovided meal periods, and members of the Restitution Class were

15  not paid all the wages owed to them.

16      21.     Pursuant to Business and Professions Code Section 17203, Plaintiff and other

17  members of the Restitution Class are entitled to restitution of all the wages and interest thereon

18  that rightfully belongs to them that Benihana did not pay to them but instead retained by means

19  of its unlawful business practices.

20      22.     Plaintiff and other members of the Restitution Class are entitled to recover

21  reasonable attorney's fees in connection with their unfair competition claims pursuant to Code

22  of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund

23  doctrine

### THIRD CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES OWED UPON TERMINATION

**(By Plaintiff and the Terminated Employees Subclass against Defendants)**

27      23.     Plaintiff incorporates paragraphs 1 through 17 of this complaint as if fully alleged

28  herein.

1    24.    At all relevant times during the limitations period applicable to this cause of

2   action, Plaintiff and the other members of the Terminated Employees Subclass were employees

3   of Benihana covered by Labor Code Section 201 or 202 and Labor Code Section 203.

4    25.    Pursuant to Labor Code Section 201 or 202, Plaintiff and other members of the

5   Terminated Employees Subclass were entitled upon termination to payment of all wages earned

6   and unpaid prior to termination.  Discharged employees were entitled to payment of their earned

7   and unpaid wages no later than the day of termination.  Employees who resigned were entitled

8   to payment of their earned and unpaid wages within 72 hours after giving notice of resignation

9   or, if they gave 72 hours previous notice, they were entitled to payment of their earned and

10   unpaid wages no later than the day of resignation.

11    26.    Benihana failed to pay Plaintiff and other members of the Terminated Employees

12   Subclass all wages earned and unpaid prior to termination in accordance with Labor Code

13   Section 201 or 202.  Plaintiff is informed and believes and thereon allege that at all relevant

14   times during the  limitations period applicable to this cause of action, Benihana maintained a

15   policy or practice of a) not scheduling or otherwise providing a meal period to non-exempt

16   restaurant employees who worked more than five hours during a workday on which they did not

17   work a split shift; and b) not paying additional wages to non-exempt restaurant employees for

18   unprovided meal periods.

19    27.    Benihana's failure to pay Plaintiff and other members of the Terminated

20   Employees Subclass all wages owed upon termination was willful.  Plaintiff is informed and

21   believes and thereon alleges that at all relevant times during the limitations period applicable to

22   this cause of action, Benihana had the ability to pay non-exempt restaurant employees all wages

23   for unprovided meal periods owed upon termination in accordance with Labor Code Section

24   201 or 202, but intentionally adopted policies or practices incompatible with the requirements

25   of Labor Code Sections 201 or 202.

26    28.    Pursuant to Labor Code Section 201 or 202, Plaintiff and other members of the

27   Terminated Employees Subclass were entitled to all wages earned prior to termination that

28   Benihana did not pay them.

29. Pursuant to Labor Code Section 203, Plaintiff and other members of the Terminated Employees Subclass were entitled to penalty wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

30. As a result of Benihana's unlawful conduct, Plaintiff and other members of the Terminated Employees Subclass have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination. The precise amount of unpaid wages owed is not presently known to Plaintiff but can be determined from Benihana's records.

31. As a result of Benihana's unlawful conduct, Plaintiff and other members of the Terminated Employees Subclass have suffered damages in an amount, subject to proof, to the extent they were not paid all penalty wages owed under Labor Code Section 203. The precise amount of unpaid penalty wages owed is not presently known to Plaintiff but can be determined from Defendants' records.

32. Pursuant to Labor Code Sections 218, 218.5 and 218.6, Plaintiff and other members of the Terminated Employees Subclass are entitled to recover the full amount of their unpaid wages, unpaid penalty wages, pre-judgment interest on unpaid wages and unpaid penalty wages, reasonable attorney's fees and costs of suit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A. An order that the action be certified as a class action;

B. An order that Plaintiff be appointed representative of the Class;

C. An order that counsel for Plaintiff be appointed as counsel for the Class;

D. Judgment in favor of Plaintiff and the Class and against Defendants;

E. Damages according to proof;

F. Restitution according to proof;

G. Pre-judgment interest;

H. Reasonable attorney's fees;

1    I.    Costs of suit; and

2    J.    Such other relief as the Court deems just and proper.

3  Dated: May 26, 2011                    SPIRO MOSS LLP

4                                  By: _____

5                                       Gregory N. Karasik
                                         Attorneys for Plaintiff
6
                        **DEMAND FOR JURY TRIAL**
7
       Plaintiff, on behalf of himself and the Class, hereby demands trial by jury to the full
8
   extent permitted by law.
9
   Dated: May 26, 2011                    SPIRO MOSS LLP
10
11                                 By: _____

12                                       Gregory N. Karasik
                                         Attorneys for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B

1   Gregory N. Karasik (SBN 115834)
    greg@spiromoss.com
2   **SPIRO MOSS LLP**
    11377 W. Olympic Boulevard, 5th Floor
3   Los Angeles, California 90064-1683
    Tel: (310) 235-2468
4   Fax: (310) 235-2456

5   Sahag Majarian II (SBN 146621)
    sahagii@aol.com
6   **Law Office of Sahag Majarian II**
    18250 Ventura Boulevard
7   Tarzana, California 91356
    Tel.: (818) 609-0807
8   Fax: (818) 609-0892

9
    Attorneys for Plaintiff
10  AURELIO MACEDO

11

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                        **COUNTY OF ORANGE**

14

15  AURELIO MACEDO, individually and       Case No.  30-2011-00479381-CU-OE-CXC
    on behalf of other persons similarly
16  situated,                              [The Hon. Ronald L. Bauer; Dept. CX103]

17                        Plaintiff,       **CLASS ACTION**

18      vs.                                **NOTICE OF CASE MANAGEMENT
                                           CONFERENCE AND PAYMENT OF**
19  BENIHANA, INC., a Delaware             **COMPLEX FEE**
    corporation; and DOES 1 through 10,
20
                          Defendants.
21

22

23

24

25

26

27

28

_____
NOTICE OF CASE MANAGEMENT CONFERENCE AND PAYMENT OF COMPLEX FEE
1

1      **PLEASE TAKE NOTICE** that a Case Management Conference has been scheduled for

2 October 17, 2011 at 9:00 a.m. before the Honorable Ronald L. Bauer in Department CX103 of

3 the above entitled court located at 751 West Santa Ana Boulevard, Santa Ana, CA 92701.  A

4 brief summary of the case must be filed with the Court at least 10 days before the date of the

5 hearing.

6      **PLEASE TAKE FURTHER NOTICE** that any party who has not paid the Complex

7 fee of $550 must do so within 10 calendar days from the date of the Clerk's Minute Order, a

8 copy of which is attached hereto.

9      This case is subject to mandatory electronic filing pursuant to Orange County Superior

10 Court Rule 308.

11      **PLEASE TAKE FURTHER NOTICE** that the Clerk is requested to post a $550.00

12 complex fee through the *One Legal On Line Court Services* system on behalf of Plaintiff

13 Aurelio Macedo.

14

15 DATED: June 7, 2011                 *SPIRO MOSS LLP*

16

17                 By: _____

18                          Gregory N. Karasik
                         Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

---

NOTICE OF CASE MANAGEMENT CONFERENCE AND PAYMENT OF COMPLEX FEE

2

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

### MINUTE ORDER

DATE: 06/01/2011                    TIME: 09:16:00 AM          DEPT: CX103

JUDICIAL OFFICER PRESIDING: Ronald L. Bauer
CLERK:  Janet E Frausto
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Cecilia Pedraza

CASE NO: **30-2011-00479381-CU-OE-CXC** CASE INIT.DATE: 05/27/2011
CASE TITLE: **Macedo vs. Benihana, Inc.**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 71245238
EVENT TYPE: Chambers Work

**APPEARANCES**

There are no appearances by any party.

Each party who has not paid the Complex fee of $ 550.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400: Case is Complex.

The Case Management Conference is scheduled for 10/17/2011 at 09:00 AM in Department CX103.

Plaintiff shall, at least 10 before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing.  DO NOT use the Case Management Statement form used for non-complex cases (Judicial Council Form CM-110).

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 308.  Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all

CASE TITLE: Macedo vs. Benihana, Inc.                    CASE NO: **30-2011-00479381-CU-OE-CXC**

parties of record or known to plaintiff, and shall attach a copy of this minute order.

Clerk to give notice to Plaintiff and Plaintiff to give notice to all other parties.

CLERK'S CERTIFICATE OF MAILING: I certify I am not a party to this cause, over age 18, and a copy of this document was mailed first class postage, prepaid in a sealed envelope addressed as shown, on 6/1/2011, at Santa Ana, California.
ALAN CARLSON/Executive Officer & Clerk Of The Superior Court, by: Janet Frausto  deputy.

Gregory N. Karaski
SPIRO MOSS LLP
11377 W. Olympic Boulevard
Los Angeles, CA  90064-1683

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Gregory N. Karasik   (Bar # 115834)<br>Spiro Moss LLP<br>11377 W. Olympic Blvd., , Los Angeles, CA 90064<br>TELEPHONE NO. *(Optional)*: (310) 235-2468   FAX NO. *(Optional)*: (310) 235-2456<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: AURELIO MACEDO, PLAINTIFF | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**06/09/2011** at 02:49:00 PM<br>Clerk of the Superior Court<br>By Maarit H Nordman,Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 751 WEST SANTA ANA BLVD.<br>MAILING ADDRESS: Same as Above<br>CITY AND ZIP CODE: SANTA ANA 92701<br>BRANCH NAME: CIVIL COMPLEX CENTER | |
|---|---|
| PLAINTIFF/PETITIONER: AURELIO MACEDO, individually and on behalf of other persons similarly situated<br>DEFENDANT/RESPONDENT: BENIHANA, INC., a Delaware corporation and DOES 1 through 10 | CASE NUMBER:<br>30-2011-00479381-CU-OE-CXC |
| **PROOF OF SERVICE** | Ref. No. or File No.:<br>N/A |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  ☐  summons
    b.  ☐  complaint
    c.  ☐  Alternative Dispute Resolution (ADR) package
    d.  ☐  Civil Case Cover Sheet *(served in complex cases only)*
    e.  ☐  cross-complaint
    f.  ☒  other *(specify documents)*: Notice of Case Management Conference And Payment of Complex Fee; Court Minute Order of 6/1/2011
3.  a.  Party served *(specify name of party as shown on documents served)*:
        BENIHANA, INC., a Delaware corporation

    b.  Person served:  ☐ party in item 3a  ☒ other *(specify name and relationship to the party named in item 3a)*:
        CORPORATE CREATIONS NETWORK INC., (AGENT) Sandra Lynn Hendricks
4.  Address where the party was served: 131-A STONY CIRCLE, SUITE 500
    SANTA ROSA, CA 95401
5.  I served the party *(check proper box)*
    a.  ☒  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   6/7/2011   (2) at *(time)*: 2:25 PM
    b.  ☐  **by substituted service.** On *(date)*:           at *(time)*:           I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

        (1)  ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2)  ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3)  ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4)  ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:           from *(city)*:           or  ☐ a declaration of mailing is attached.
        (5)  ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 (Rev. July 1, 2004) | **PROOF OF SERVICE** | Code of Civil Procedure, § 417.10 |
|---|---|---|
| | | *LexisNexis® Automated California Judicial Council* |

| | |
|---|---|
| PLAINTIFF/PETITIONER: AURELIO MACEDO, individually and on behalf of other persons similarly | CASE NUMBER: |
| DEFENDANT/RESPONDENT: BENIHANA, INC., a Delaware corporation and | 30-2011-00479381-CU-OE-CXC |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*            (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    a. ☒ as an individual defendant.
    b. ☐ as the person sued under the fictitious name of *(specify):*
    c. ☐ as occupant.
    d. ☐ On behalf of *(specify):*
        under the following Code of Civil Procedure section:

        ☐ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
        ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
        ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
        ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
        ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                                    ☐ other:

7. **Person who served papers**
    a. Name: M. P. BUSKIRK
    b. Address: 509 ORCHARD STREET, SANTA ROSA, CA 95404
    c. Telephone number: (707) 528-8663
    d. The fee for service was: $55.00
    e. I am:
        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☒ registered California process server:
            (i) ☐ owner  ☐ employee  ☒ independent contractor.
            (ii) Registration No.: P-452
            (iii) County: Sonoma

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: June 8, 2011

          M. P. BUSKIRK
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)            (SIGNATURE)

*LexisNexis® Automated California Judicial Council*

EXHIBIT C

1    MARGARET HART EDWARDS, Bar No. 65699
     Email: mhedwards@littler.com
2    LITTLER MENDELSON
     A Professional Corporation
3    650 California Street
     20th Floor
4    San Francisco, CA 94108.2693
     Telephone:    415.433.1940
5    Facsimile:    415.399.8490

6    JAMES E. HART, Bar No. 194168
     Email: jhart@littler.com
7    HEATHER M. PECK, Bar No. 254694
     Email: hpeck@littler.com
8    LITTLER MENDELSON
     A Professional Corporation
9    2050 Main Street
     Suite 900
10    Irvine, CA 92614
     Telephone:    949.705.3000
11    Fax No.:    949.724.1201

12    JANEL R. ABLON, Bar No. 198678
     Email: jablon@littler.com
13    LITTLER MENDELSON
     A Professional Corporation
14    2049 Century Park East
     5th Floor
15    Los Angeles, CA 90067.3107
     Telephone:    310.553.0308
16    Facsimile:    310.553.5583

17    Attorneys for Defendant
     BENIHANA NATIONAL CORP.

18

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/05/2011** at 03:17:00 PM

Clerk of the Superior Court
By Jaime Cordero, Deputy Clerk

19           SUPERIOR COURT OF CALIFORNIA

20             COUNTY OF ORANGE

| | |
|---|---|
| 21   AURELIO MACEDO, individually and on behalf of other persons similarly situated, , | Case No. 30-2011-00479381-CU-OE-CXC |
| 22           Plaintiff, | **COMPLEX CASE** |
| 23       v. | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| 24   BENIHANA, INC., a Delaware | |
| 25   corporation; and DOES 1 through 10, | ASSIGNED FOR ALL PURPOSES TO THE HON. RONALD L. BAUER |
| 26          Defendant. | **JURY TRIAL DEMANDED** |
| 27 | Complaint Filed: 05/27/2011 |

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

1    Answering Plaintiff Aurelio Macedo's ("Plaintiff") unverified Complaint

2    ("Complaint"), Defendant Benihana National Corp., erroneously sued herein as Benihana, Inc.

3    ("Defendant") responds for itself and no other defendant as follows:

4                                    **GENERAL DENIAL**

5    Defendant generally and specifically denies each and every allegation of the

6    Complaint, and the whole thereof, pursuant to section 431.30 of the California Code of Civil

7    Procedure. Defendant further denies that Plaintiff has been damaged in any sum, or at all.

8                                    **AFFIRMATIVE DEFENSES**

9    Defendant further asserts the following affirmative defenses. By asserting these

10   defenses, Defendant does not concede that it has the burden of proof as to any affirmative defense

11   asserted below. Defendant does not presently know all the facts concerning the conduct of Plaintiff

12   sufficient to state all affirmative defenses at this time. Defendant will seek leave of this Court to

13   amend this answer should it later discover facts demonstrating the existence of additional affirmative

14   defenses.

15                                   **FIRST AFFIRMATIVE DEFENSE**

16       1.    The Complaint and each cause of action set forth therein fail to state facts sufficient

17   to constitute a cause of action against Defendant.

18                                   **SECOND AFFIRMATIVE DEFENSE**

19       2.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of

20   limitations, including but not limited to California Code of Civil Procedure section 337, 338, 339,

21   340(b), Labor Code section 203, and Business and Professions Code section 17208.

22                                   **THIRD AFFIRMATIVE DEFENSE**

23       3.    Plaintiff's claims are barred, in whole or in part, because a representative or class

24   action of the claims alleged in the Complaint would violate due process under the United States and

25   California Constitutions.

26

27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

2.

DEFENDANT BENIHANA NATIONAL CORP.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

### FOURTH AFFIRMATIVE DEFENSE

2      4.     Any recovery of Plaintiff's Complaint is barred, in whole or in part, to the extent that

3  Plaintiff, by reason of his acts, conduct, and/or omissions, has waived or released his rights, if any to

4  obtain the relief sought in the Complaint.

5

### FIFTH AFFIRMATIVE DEFENSE

6      5.     Plaintiff's claims are barred, in whole or in part, to the extent that Defendant neither

7  suffered nor permitted Plaintiff to work during the times for which he now seeks redress.

8

### SIXTH AFFIRMATIVE DEFENSE

9      6.     Any recovery on Plaintiff's Complaint is barred, in whole or in part, to the extent that

10  Plaintiff, by reason of his acts, conduct, and/or omissions, is estopped from obtaining the relief

11  sought in the Complaint.

12

### SEVENTH AFFIRMATIVE DEFENSE

13      7.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

14

### EIGHTH AFFIRMATIVE DEFENSE

15      8.     Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable

16  consequences.

17

### NINTH AFFIRMATIVE DEFENSE

18      9.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

19

### TENTH AFFIRMATIVE DEFENSE

20      10.     Plaintiff would be unjustly enriched if allowed to recover anything from Defendant.

21

### ELEVENTH AFFIRMATIVE DEFENSE

22      11.     There has been a defect or misjoinder of parties, including Plaintiff's failure to join

23  one or more parties necessary for the adjudication of the claims in the Complaint.

24

### TWELFTH AFFIRMATIVE DEFENSE

25      12.     Defendant alleges that Plaintiff consented to, encouraged, or voluntarily participated

26  in all actions taken, if any.

27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

3.

DEFENDANT BENIHANA NATIONAL CORP.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

### THIRTEENTH AFFIRMATIVE DEFENSE

2     13.     Defendant alleges that, to the extent that Plaintiff entered into settlements with

3     Defendant, Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

4

### FOURTEENTH AFFIRMATIVE DEFENSE

5     14.     Defendant alleges that any unlawful or other wrongful acts of any person(s) employed

6     by Defendant were outside of the scope of his or her authority and such acts, if any, were not

7     authorized, ratified, or condoned by Defendant, nor did Defendant know or have reason to be aware

8     of such alleged conduct.

9

### FIFTEENTH AFFIRMATIVE DEFENSE

10     15.     Defendant alleges that Plaintiff's claims are barred, in whole or in part because

11     Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice,

12     and/or procedure promulgated and/or tolerated by Defendant.

13

### SIXTEENTH AFFIRMATIVE DEFENSE

14     16.     Defendant alleges that it is entitled to offset against any relief due Plaintiff based

15     upon his respective wrongful conduct and/or monies owed to Defendant, including, but not limited

16     to, any overpayments made to Plaintiff and any contractual damages and/or indemnity owed by

17     Plaintiff as a result of his failure to perform his contractual obligations.

18

### SEVENTEENTH AFFIRMATIVE DEFENSE

19     17.     Defendant alleges that Plaintiff's claims are barred, in whole or in part where: a)

20     Plaintiff waived the meal period by mutual consent; b) Plaintiff worked more than five (5) hours

21     without a meal period of not less than thirty (30) minutes, and c) Plaintiff worked for a period of not

22     more than six (6) hours to complete the day's work.

23

### EIGHTEENTH AFFIRMATIVE DEFENSE

24     18.     Defendant alleges that Plaintiff's claims are barred, in whole or in part where: a) the

25     total hours worked by Plaintiff was not more than 12 hours in a day; b) the second meal period was

26     waived by mutual consent of Defendant and Plaintiff; and c) the first meal period was not waived

27     and was taken.

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

4.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's claims under Labor Code section 226.7, if any, are barred because there is no private right of action under this statute.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims are barred to the extent that Defendant provided Plaintiff the opportunity to take meal periods of at least thirty (30) minutes at the appropriate times.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff is barred from collecting meal period penalties for any period by which a meal period was late, short, or interrupted and that period was *de minimis*.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff has failed to state a claim for penalties under California Labor Code section 203 because there is a bona fide, good-faith dispute with respect to the Defendant's obligation to pay any wages it may found to be due.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff's claims for penalties under California Labor Code section 203 fail in whole or in part because Defendant has not willfully failed to pay Plaintiff his earned wages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiff's claims for penalties under California Labor Code section 203 fail to the extent that Plaintiff secreted or absented himself in order to avoid payment of wages, or refused to receive the payment fully tendered to him, thereby relieve Defendant of any liability for waiting time penalties.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiff is barred from collecting waiting time penalties in this action because any such collection would be inequitable and unjust.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims under California Business and Professions Code section 17200, *et seq.* are barred because Plaintiff has an adequate remedy at law.

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

5.

DEFENDANT BENIHANA NATIONAL CORP.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

<u>**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**</u>

2       27.     Pursuant to California Business and Professions Code section 17200, *et seq.*,

3   Plaintiff's claims for restitution are barred with respect to penalties of any nature.

4

<u>**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**</u>

5       28.     Plaintiff's claims seeking recovery in the form of restitution, disgorgement, or

6   injunctive relief under California Business and Professions Code section 17200, *et. seq.*, are barred

7   with respect to any alleged violations that may have been discontinued, ceased, or are not likely to

8   recur.

9

<u>**TWENTY-NINTH AFFIRMATIVE DEFENSE**</u>

10      29.     Plaintiff's claims seeking any form of equitable relief apart from restitution under

11   California Business and Professions Code section 17200, *et. seq.* are barred because Plaintiff lacks

12   standing to bring such claims.

13

<u>**THIRTIETH AFFIRMATIVE DEFENSE**</u>

14      30.     Plaintiff has failed to properly state a claim for recovery of costs and attorneys' fees

15   under California Labor Code sections asserted to have been violated, and/or California Business and

16   Professions Code section 17200, *et seq.*

17

<u>**THIRTY-FIRST AFFIRMATIVE DEFENSE**</u>

18      31.     Defendant opposes class certification and disputes the propriety of class treatment.  If

19   the Court certifies a class and/or collective action in this case over Defendant's objections, then

20   Defendant asserts the affirmative defenses set forth herein against each and every member of the

21   certified class.

22

<u>**THIRTY-SECOND AFFIRMATIVE DEFENSE**</u>

23      32.     Plaintiff lacks standing to sue for all putative class members.

24

<u>**THIRTY-THIRD AFFIRMATIVE DEFENSE**</u>

25      33.     Plaintiff's claims are barred because Defendant fully performed or met its obligations,

26   if any, to Plaintiff.

27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

6.

1

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

2      34.    Plaintiff's claims are unreasonable, and/or were filed in bad faith and/or are frivolous

3  and, for that reason, justify an award of attorneys fees and costs against Plaintiff and his attorneys.

4

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

5      35.    Plaintiff's claims are barred to the extent that he failed to mitigate his damages.

6

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

7      36.    Plaintiff's claims are barred because the applicable Wage Orders, or some of them,

8  are unconstitutionally vague and ambiguous and violate Defendant's due process rights under the

9  United States and California Constitutions.

10

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

11     37.    Defendant alleges that further investigation and discovery will reveal that Defendant

12  is entitled to an offset against any relief due Plaintiff, based upon his wrongful conduct or monies

13  owed to Defendant.

14

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

15     38.    Defendant alleges that the Complaint does not describe the claims or facts being

16  alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist.

17  Defendant will rely on any and all further defenses that become available or appear during discovery

18  in this action and specifically reserves the right to amend its Answer for purposes of asserting such

19  additional defenses.

20

### PRAYER

21     WHEREFORE, Defendant requests judgment as follows:

22     1.    That Plaintiff takes nothing by reason of his Complaint;

23     2.    That judgment be entered in favor of Defendant and against Plaintiff;

24     3.    That Defendant recover its attorneys' fees and costs of suit; and

25     4.    That the Court award Defendant such other and/or further relief as the Court

26          deems just and proper.

27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705 3000

7.

## JURY DEMAND

Defendant demands a jury on all issues triable to a jury.

Dated: July 5, 2011

JAMES E. HART
HEATHER M. PECK
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
BENIHANA NATIONAL CORP.

Firmwide:102460413.1 062447.1006

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

8.

DEFENDANT BENIHANA NATIONAL CORP.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2050 Main Street, Suite 900, Irvine, California 92614. On July 5, 2011, I served the within document(s):

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 949.724.1201. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Irvine, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____ @littler.com.

| | |
|---|---|
| Gregory N. Karasik (SBN 115834)<br>SPIRO MOSS LLP<br>11377 W. Olympic Boulevard, 5th Floor.<br>Los Angeles, California 90064-1683 | Sahag Majarian II (SBN 146621)<br>LAW OFFICE OF SAHAG MAJARIAN II<br>18250 Ventura Boulevard<br>Tarzana, California 91356 |
| Phone: 310) 235-2468<br>Fax: : (310) 235-2456<br>Email: greg@spiromoss.com | Phone: (818) 609-0807<br>Fax: (818)609-0892<br>Email: sahagii@aol.com |

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949 705.3000

1         I am readily familiar with the firm's practice of collection and processing

2  correspondence for mailing and for shipping via overnight delivery service. Under that practice it

3  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

4  deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

5  thereon fully prepaid in the ordinary course of business.

6         I declare under penalty of perjury under the laws of the State of California that the

7  above is true and correct. Executed on July 5, 2011, at Irvine, California.

8

9

10                                               Donna Bustos

11  Firmwide:102454233.1 062447.1006

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

2.

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV11- 1004 CJC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>AURELIO MACEDO<br><br>COPY | DEFENDANTS<br>BENIHANA NATIONAL CORP. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Gregory N. Karaski<br>SPIRO MOSS LLP<br>11377 W. Olympic Blvd., 5th Floor<br>Los Angeles, CA 90064-1683<br>Tel: 310-235-2468   Fax: 310-235-2456 | Attorneys (If Known)<br>Janel R. Ablon (SBN: 198678); Heather M. Peck (SBN254694)<br>LITTLER MENDELSON, A PROFESSIONAL CORPORATION<br>2050 Main Street, Suite 900<br>Irvine, CA 92614<br>Tel: 949.705.3000   Fax: 949.724.1201 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding     ☒ 2 Removed from State Court     ☐ 3 Remanded from Appellate Court     ☐ 4 Reinstated or Reopened     ☐ 5 Transferred from another district (specify):     ☐ 6 Multi-District Litigation     ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff alleges claims for unpaid meal breaks, unfair competition and failure to pay wages upon termination on behalf of a class of more than 100 putative class members, equaling claimed damages in excess of $5,000,000. 28 U.S.C. § 1332(d).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☒ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

| FOR OFFICE USE ONLY:   Case Number: | SACV 11-01004 CJC (ANx) |
|---|---|

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware, Florida |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  7/7/2011

Heather M. Peck

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com